IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARMAINE PRATER, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-3566 |
| | : | |
| AMERICAN HERITAGE FEDERAL | : | |
| CREDIT UNION, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

SÁNCHEZ, C.J.                                                                                                                                         AUGUST 27, 2021

      Plaintiff Charmaine Prater filed this civil action against various financial and insurance entities and individuals who work for those entities. She has also filed a Motion for Leave to Proceed *In Forma Pauperis*. For the following reasons, the Court will grant Prater leave to proceed *in forma pauperis* and dismiss her Complaint with leave to amend.[1]

## I.    FACTUAL ALLEGATIONS

      Prater is a regular litigant in this Court who has a history of filing unintelligible and meritless cases.[2] The basis for Prater's claims is difficult to understand due to the manner in

---

[1] Prater filed this case under seal. However, she did not move to seal the case and nothing in her pleading suggests that sealing this case is appropriate. *See Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (explaining that a "party seeking to seal any part of a judicial record bears the heavy burden of showing that 'the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury' to the party seeking closure"). Accordingly, the Court will direct the Clerk of Court to unseal this case.

[2] Prater, who has also been known by other surnames, including Custis, Colon, Ezengwa and McCoullum, has filed at least thirty-three civil actions in this Court since 1993 in her own name and in the names of others. *See Prater-McCoullum v. City of Phila Police Dept.*, Civ. A. No. 93-422 (E.D. Pa.); *Colon v. City of Phila.*, Civ. A. No. 00-527 (E.D. Pa.); *Prater v. Verizon*, Civ. A. No. 01-4409 (E.D. Pa.); *Prater-Colon-Ezengwa v. McLaughlin*, Civ. A. No. 05-5815 (E.D. Pa.); *Barrett v. City of Phila. Sheriff Dep't*, Civ. A. No. 06-805 (E.D. Pa.); *Prater-Colon v. F.I.R. Program*, Civ. A. No. 06-806 (E.D. Pa.); *Prater-Colon v. Frisley*, Civ. A. No. 06-1157 (E.D.

which the Complaint is pled and the difficulty in reading Prater's handwriting. She has named the following Defendants in the caption of her Complaint: (1) American Heritage Federal Credit Union ("AHFCU"); (2) CUNA Disability Insurance; (3) Vice President Brian Hahn of AHFCU;

---

Pa.); *Prater-Colon-Ezengwa v. Phila. Water Rev. Dep't*, Civ. A. No. 07-1922 (E.D. Pa.); *Prater v. Equity One Mortgage*, Civ. A. No. 08-2740 (E.D. Pa.); *Prater v. Equity One Mortgage, Inc.*, Civ. A. No. 08-2743 (E.D. Pa.); *Prater-McCoullum v. Cherry Hill Kia & Dodge*, Civ. A. No. 09-1353 (E.D. Pa.); *Prater v. Am. Arbitration Ass'n*, Civ. A. No. 09-4322 (E.D. Pa.); *Prater v. City of Phila.*, Civ. A. No. 09-6220 (E.D. Pa.); *Prater v. City of Phila.*, Civ. A. No. 10-370 (E.D. Pa.); *Prater-Colon-Ezengwa v. Phila. Water Rev. Dep't*, Civ. A. No. 10-371 (E.D. Pa.); *Prater v. First Am. Taxing*, Civ. A. No. 10-2255 (E.D. Pa.); *Prater v. U.S. Bankruptcy Ct. E. Div.*, Civ. A. No. 11-2953 (E.D. Pa.); *Prater v. Gokaba*, Civ. A. No. 11-4219 (E.D. Pa.); *Prater v. Phila. Parking Auth.*, Civ. A. No. 11-6962 (E.D. Pa.); *Prater v. City of Phila.*, Civ. A. No. 13-2357 (E.D. Pa.); *Maine Mgmt. v. Egan*, Civ. A. No. 13-2970 (E.D. Pa.); *Prater v. Derricotte*, Civ. A. No. 14-6186 (E.D. Pa.); *Prater v. Eburuch*, Civ. A. No. 16-2012 (E.D. Pa.); *Prater v. City of Phila. Health Dist.*, Civ. A. No. 16-1976 (E.D. Pa.); *Prater v. City of Phila.*, Civ. A. No. 17-3203 (E.D. Pa.); *Prater v. Excel Home Care*, Civ. A. No. 17-4044 (E.D. Pa.); *Prater v. Frye*, Civ. A. No. 18-1774 (E.D. Pa.); *Prater v. Am. Heritage Fed. Credit Union*, Civ. A. No. 18-5515 (E.D. Pa.); *Custis v. Pa. State Parole/Prob. Bd.*, Civ. A. No. 19-3815 (E.D. Pa.); *Prater v. City of Phila.*, Civ. A. No. 19-6218 (E.D. Pa.); *Prater v. Liberty Mut. Ins. Co.*, Civ. A. No. 20-1200 (E.D. Pa.); *Doe v. Phila. Police Dep't*, Civ. A. No. 20-3352 (E.D. Pa.); *Custis v. City of Phila. Ct. of Common Pleas*, Civ. A. No. 21-3573 (E.D. Pa.). Prater was granted leave to proceed *in forma pauperis* in almost all of these cases, most of which were dismissed because Prater's complaints were unintelligible or defective. None of her cases proceeded to discovery.

Prater has also attempted to remove cases to this Court on seven occasions, *see Phila. License & Inspection v. Prater*, Civ. A. No. 20-1035 (E.D. Pa.); *Prater v. Grossman*, Civ. A. No. 18-1526 (E.D. Pa.); *City of Phila. v. Colon*, Civ. A. No. 18-105 (E.D. Pa.); *Phila. Housing Auth. v. Prater*, Civ. A. No. 17-4312 (E.D. Pa.); *Phila. Corp. of the Aging v. Prater*, Civ. A. No. 17-4304 (E.D. Pa.); *City of Phila. Revenue Dep't v. Prater*, Civ. A. No. 16-6689 (E.D. Pa.); *Serrano v. Prater*, Civ. A. No. 16-6688 (E.D. Pa.), and filed ten appeals from bankruptcy court, *see In re Prater*, Civ. A. No. 10-7413 (E.D. Pa.); *In re Prater*, Civ. A. No. 11-3557 (E.D. Pa.); *In re Prater*, Civ. A. No. 11-4500 (E.D. Pa.); *In re Prater*, Civ. A. No. 12-1842 (E.D. Pa.); *In re Prater*, Civ. A. No. 12-6325 (E.D. Pa.); *In re Prater*, Civ. A. No. 12-7149 (E.D. Pa.); *In re Prater*, Civ. A. No. 13-439 (E.D. Pa.); *In re Prater*, Civ. A. No. 13-1432 (E.D. Pa.); *In re Prater*, Civ. A. No. 13-5598 (E.D. Pa.); *In re Prater*, Civ. A. No. 18-2025 (E.D. Pa.). None of these efforts were successful either.

Given this litigation history, the Court warns Prater that if she continues to file unintelligible, baseless complaints in this Court on an *in forma pauperis* basis, she may face restrictions on her ability to file in the future. This includes, potentially, limits on her ability to proceed on an *in forma pauperis* basis.

(4) Mrs. Sweeney, identified as a back office loan officer; (5) President Bruce Foulke; (6) Laynette Smart, identified as an "executive admin. assistant"; (7) Nationwide Insurance; (8) INS Agent Jerard Morgan; (9) Dougherty Auto Sales; (10) American Heritage Fed. CU Quality Control Insurance; (11) State Insurance Disability Ins. Company Dept.; (12) Experian Credit Bureau; (13) Equifax Credit Bureau; (14) Transunion Credit Union; and (15) AHFCU Employee T. Coleman.  (ECF No. 1 at 1.)[3]

Prater alleges that the Defendants have "violated Federal laws under fair Truth & Lending Laws and other civil rights violation including Racketeering." (*Id.* at 2.)  Prater provides the following factual basis for her claims, much of which is illegible due to her handwriting:

> Approx May 2021 Plf discovered [illegible] call . . . Approx Aug 02, 2021 when CUNA Insurance refused PoH service [illegible] Approx April 2021 AHFCU attempt to repo vehicle by [illegible] . . . July 2021 AHFCU [illegible] Plt auto insurance [illegible].  AHFCU V.P. Brian Hahn, Bruce Foulke Layvette smart Exe Adm Assist, T. Coleman President employee, Mrs. Sweeney; John Doe; Owner operat [sic] of Dougherty Auto Sales, Doughterty Auto Sales representative "Paul Doe" altered a sales agreement inflating amount from under 7K to over 8K as the loan was paid off by State Insurance disability and still AHFCU refuse to release me from the paid debt and release my title to my Auto as they [maliciously] report me to all Credit Bureau agencies in a negative status causing me to be denied other loans & a safe place as a domestic violence victim allegedly relate to the loans from AHFCU where the [illegible] [illegible] of Plf. Abuser is employee or was employed as her identity have been compromise multiple auto loan, credit cards, etc take out under her [information] as CUNA INS. condone the acts that began with altering of document [illegible] auto sales et al & members of AHFCU [illegible] have Plaintiff suffering physical financial economically.  Plf. [illegible] with 3 credit [illegible].

(*Id.* at 3.)  Prater claims she was injured as a result of "duplicate auto loans," and that she has been "harass[ed], stalked, crashed into assaulted to offset these violent loans." (*Id.* at 4.)  She also claims "loss of assets, physical injuries," "harm to her credit score," and defamation among

---

[3] The Court adopts the pagination supplied by the CM/ECF docketing system.

other things.⁴  Prater seeks monetary damages and an order directing AHFCU to "release [her] from all alleged debts including credit cards, auto loan [and] to turn over all titles to all vehicles under her information . . . ."⁵  (*Id.*)

## II.     STANDARD OF REVIEW

The Court will grant Prater leave to proceed *in forma pauperis* because it appears that she is not capable of paying the fees to commence this civil action.  Accordingly, Prater's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), which requires the Court to dismiss the Complaint if it is frivolous, malicious, or fails to state a claim.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United*

---

⁴ Prater also refers to "HIPPA violations," (ECF No. 1 at 4), presumably a reference to the Health Insurance Portability and Accountability Act of 1996 (HIPAA).  Courts that have examined HIPAA have generally concluded that HIPAA does not create a private right of action for individual plaintiffs.  *See Johnson v. WPIC*, 782 F. App'x 169, 170-71 (3d Cir. 2019) (holding that HIPAA does not create a private right of action (citing *Acara v. Banks*, 470 F.3d 569, 571-72 (5th Cir. 2006))).  So, to the extent Prater was intending to bring any such claims, they are dismissed as legally baseless.

⁵ Prater filed a civil action against many of the same defendants in 2018.  *See Prater v. Am. Heritage Fed. Credit Union*, Civ. A. No. 18-5515 (E.D. Pa.)  In that case, she claimed that AHFCU, it's employees, and other defendants took control over her accounts, misapplied payments, and reported duplicate accounts. *Id.* (ECF No. 4.)  Prater's complaint in that case was dismissed for failure to comply with Federal Rule of Civil Procedure 8 and for failure to state a claim.  *Id.*  The Court gave Prater leave to file an amended complaint, but she failed to do so after being given several extensions, so her case was dismissed without prejudice for failure to prosecute on April 10, 2019.  *Id.* (ECF No. 15).  On August 3, 2021, Prater filed several motions in that case, including a motion to reinstate her case.  *Id.* (ECF Nos. 17-20.)  On her Complaint in the instant civil action, Prater wrote "new matter second time file but it was not docket [illegible] on 8/3/21 nun pro tunc case #."  (ECF No. 1 at 1.)  This appears to be alluding to Prater's prior case, Civil Action 18-5515.  Due to the confusing nature of Prater's filings and the fact that she named several different Defendants in this case, the Court will not address any potential impact of the prior case on this one, especially since Prater's claims fail for reasons discussed below.  However, the Court notes that a plaintiff has "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."  *See Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (*en banc*).

*States*, 67 F.3d 1080, 1085 (3d Cir. 1995).  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "[M]ere conclusory statements do not suffice."  *Id.*

As Prater is proceeding *pro se*, the Court construes her allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011); *Vogt v. Wetzel*, No. 18-2622, 2021 WL 3482913, at *2 (3d Cir. Aug. 9, 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Vogt*, 2021 WL 3482913, at *2.  However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'"  *Id.* (quoting *Mala*, 704 F. 3d at 245).  An unrepresented litigant, however, "'cannot flout procedural rules — they must abide by the same rules that apply to all other litigants.'"  *Id.*

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief.  *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011).  The Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims."  *Garrett*, 938 F.3d at 93 (citation omitted).  A pleading may still satisfy the "plain" statement requirement "even if it is

vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

## III. DISCUSSION

### A. Failure to Comply with Rule 8

It is difficult to determine whether Prater has a basis for a plausible claim because much of her Complaint is unintelligible. Her handwriting is often illegible and her description of the facts supporting her claims is unclear at best. She does not clearly identify which Defendants are responsible for which conduct, and appears to refer generally to numerous incidents, making it difficult to understand the events giving rise to her claims. Indeed, it would be difficult for any Defendant to meaningfully respond to Prater's Complaint because it is not clear what each Defendant is alleged to have done and how each Defendant is liable to Prater. *See Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014). Accordingly, the Complaint fails to comply

with Rule 8 as pled.  There are also other deficiencies in Prater's claims — to the extent they can be understood — which the Court will address below.

### B.  Civil Rights Claims

Liberally construing her Complaint, Prater may be raising civil rights claims, pursuant to 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself."  *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted).  "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity."  *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

Here, nothing in the Complaint suggests that any of the Defendants are state actors.  *See Abulkhair v. Liberty Mut. Ins. Co.*, 441 F. App'x 927, 931 (3d Cir. 2011) (*per curiam*) ("The alleged misconduct of Liberty Mutual and its attorneys and adjustor in Abulkhair's case is not fairly attributable to the state."); *James v. Heritage Valley Fed. Credit Union*, 197 F. App'x 102, 106 (3d Cir. 2006) (*per curiam*) (dismissing claims "against the Heritage Valley Federal Credit

7

Union, its President and Chairman, Ames and Dunkelberger respectively, and an employee, Jane Gee" because those individuals are not state actors). Accordingly, there is no basis for any § 1983 claims here.

### C. RICO Claims

The Racketeer Influenced and Corrupt Organizations Act ("RICO") "makes it unlawful 'for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.'" *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 362 (3d Cir. 2010) (quoting 18 U.S.C. § 1962(c)). To state a civil RICO claim, a plaintiff must plausibly allege the following elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Id.* (internal quotations omitted). "In order to have standing to litigate a civil RICO claim, a plaintiff must show that she suffered an injury to her business or property and that the injury was proximately caused by the defendant's racketeering activities." *Miller v. Pocono Ranch Lands Prop. Owners Ass'n Inc.*, 557 F. App'x 141, 145 (3d Cir. 2014) (*per curiam*). "[I]n construing the federal RICO law, [the Third] Circuit has rejected the argument that personal injuries qualify as RICO injuries to 'business or property.'" *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 323 (3d Cir. 2014) (citing *Maio v. Aetna, Inc.*, 221 F.3d 472, 492 (3d Cir. 2000)).

Prater's conclusory reference to racketeering, which may not be credited as true on its own, is wholly unsupported by any factual allegations that would support a pattern of racketeering activity here. She also has not alleged a clear or plausible injury to her business or property. Accordingly, she has failed to state a plausible RICO claim.

### D. Truth in Lending

It appears that Prater is also alleging violations of the Truth in Lending Act ("TILA"). "Congress enacted TILA in 1968, as part of the Consumer Credit Protection Act, Pub.L. 90–321, 82 Stat. 146, as amended, 15 U.S.C. § 1601 *et seq.,* to 'assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit,' § 102, codified in 15 U.S.C. § 1601(a)." *See Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50, 53–54 (2004). It is not clear what aspect of this statue Prater believes was violated. Her allegations suggest she believes the Defendants failed to accurately record the status of certain of her financial accounts, in particular one with regard to a car loan, or that those accounts reflected misuse of her information in some respect. She does not allege that credit terms were not adequately disclosed to her. Accordingly, the Complaint does not state a TILA claim. *See Bonilla v. Am. Heritage Fed. Credit Union*, Civ. A. No. 20-2053, 2020 WL 2539197, at *7 (E.D. Pa. May 19, 2020) ("Ms. Bonilla does not allege the Credit Union, or any of the individual Defendants, failed to disclose terms of a credit agreement to Ms. Bonilla as required by TILA."), *aff'd*, 2021 WL 3612166 (3d Cir. Aug. 16, 2021).

### E. Other Claims

Liberally construing the Complaint, it also appears that Prater may be raising claims under the Fair Credit Reporting Act ("FCRA"). The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish

9

credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))).  In the language of the FCRA, credit reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness."  *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014). It appears Prater is alleging that accounts appearing on her credit report, in particular one related to a car loan, are inaccurate in some way.

"To state a viable claim under the FCRA regarding the interplay between the furnisher and the credit reporting agency, a plaintiff must allege that she (1) sent notice of disputed information to a consumer reporting agency, (2) the consumer reporting agency then notified the defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information."  *Washington v. Freedom Mortg.*, Civ. A. No. 20-09332, 2021 WL 1100637, at *3 (D.N.J. Mar. 23, 2021) (internal quotations omitted); *see also* 15 U.S.C. §§ 1681s-2(b).  If the furnisher fails to comply with its obligations under the Act, "the aggrieved consumer can sue for noncompliance."  *Hoffmann v. Wells Fargo Bank, N.A.*, 242 F. Supp. 3d 372, 391 (E.D. Pa. 2017); *see also Eades v. Wetzel*, 841 F. App'x 489 (3d Cir. 2021) (*per curiam*) ("[U]nder the FCRA, '15 U.S.C. § 1681s-2(b) is the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information.'" (quoting *SimmsParris*, 652 F.3d at 358) (alteration omitted)).  Here, Prater has not clearly identified the accounts in question, clearly described the misleading information in those accounts, or alleged that she filed a dispute about the information to which the furnisher of information failed to respond.  *See Pressley v. Cap. One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. 2019) (dismissing FCRA

claim when plaintiff had "not (1) identified the accounts at issue, (2) described the allegedly false and misleading information that appears in the accounts, (3) stated that she filed a dispute regarding the false and misleading information; or (4) alleged that Capital One failed to investigate and modify the inaccurate information"). Accordingly, she has failed to state a FCRA claim.

### IV.    CONCLUSION

For the foregoing reasons, the Court will grant Prater leave to proceed *in forma pauperis* and dismiss her Complaint. Since Prater must be afforded leniency as a pro se litigant, the dismissal will be without prejudice to Prater's right to file an amended complaint within thirty (30) days in the event that she can cure any of the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

**BY THE COURT:**

**/s/ Juan R. Sánchez**
**JUAN R. SÁNCHEZ, C.J.**